IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VERONICA GONZALEZ MENDEZ<br>6433 14th Street NW, Apt. 103<br>Washington, DC 20012 | : <br> : <br> : <br> : |
| PATRICIA CHINO AVILA<br>6433 14th NW, Apt. 103<br>Washington, DC 20012 | :    Civil Action No.<br> : <br> : <br> : |
| and | : <br> : |
| MARIA DEL CARMEN MARTINEZ<br>ALBARRAN<br>6433 14th NW, Apt. 103<br>Washington, DC 20012 | : <br> : <br> : <br> : <br> : |
|     Plaintiffs, | : <br> : |
| v. | : <br> : |
| CLEANHOUSE INC.<br>712 Rock Creek Church Road NW<br>Washington, DC 20010<br>    Serve:  Resident Agent<br>    Carlyn Monticalvo<br>    712 Rock Creek Church Road NW<br>    Washington, DC 20010 | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |
| and | : <br> : |
| BRIAN BOLTON<br>1280 Junge Ct.<br>Monteca, CA 95337 | : <br> : <br> : <br> : |
|     Defendants. | : |

## **COMPLAINT**

Plaintiffs, Veronica Gonzalez Mendez, Patricia Chino Avila, and Maria Del Carman Martinez Albarran ("Plaintiffs"), by and through their attorneys, Mary Craine Lombardo and Stein Sperling Bennett De Jong Discoll PC, hereby files their Complaint against CleanHouse,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

4117270_1

Inc. and Brain Bolton (collectively "Defendants"), under the D.C. Wage Payment and Collection Law ("DCWPCL"), D.C. ST § 32-1301, *et seq.*, the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the D.C. Wage Revision Act ("DCMWRA") D.C. ST §32-1003, *et seq.*, stating as follows:

## INTRODUCTION

Plaintiffs worked for Defendants as cleaners. Plaintiffs worked hours in excess of forty hours per week and were paid between $9.00 and $10.25 per hour. Defendants failed to compensate Plaintiffs at a rate of one and a half times their regular hourly rates, throughout their employments. Defendants failed to pay Plaintiff Veronica Gonzalez Mendez the minimum wage under D.C. law. They also were not paid at all for several weeks of work. Defendants have willfully violated the clear and well-established minimum wage provisions of the DCMWRA and the overtime provisions of the FLSA, the DCMWRA, and the DCWPCL. Plaintiff seeks compensatory and statutory damages for all unpaid minimum wage and overtime compensation, as well as attorneys' fees and costs.

## JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 216.

2. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiffs are adult residents of the District of Columbia.

4. Defendant CleanHouse, Inc. ("CleanHouse") is a District of Columbia corporation.

5. Defendant Brian Bolton is the owner of CleanHouse.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

4117270_1

6. At all times material herein, Defendants, in the aggregate and as a single enterprise, had annual gross volume of sales made or business done in an amount exceeding $500,000.

7. Each Defendant is an "employer" within the meaning of the FLSA, the DCMWRA, and the DCWPCL.

8. Defendants have at least two or more employees who are engaged in commerce, handle, sell or otherwise work on goods or materials that have moved in or were produced for commerce. Defendants negotiate and purchase from producers and suppliers who operate in interstate commerce and serve customers in interstate commerce.

9. At all times relevant, Defendants constituted an "enterprise" within the meaning of 29 U.S.C. § 203(r).

10. Defendant Brian Bolton controlled the day to day operations of CleanHouse.

11. Defendant Brian Bolton had the power to hire, fire, suspend, and discipline Plaintiffs.

12. Defendant Brian Bolton supervised Plaintiffs directly or indirectly.

13. Defendant Brian Bolton directly or indirectly set and controlled Plaintiffs' work schedules or had the power to do so.

14. Defendant Brian Bolton directly or indirectly set and determined the rate and method of Plaintiffs' pay or had the power to do so.

15. The District Court of the District of Columbia has made clear that individual employers are liable regardless of corporate shields under FLSA and the DCWPCL if the employer met the economic reality test for "control." *Ventura v. Bebo Foods, Inc.*, 2738 F. Supp. 2d 1, 5 (2010).

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

16. The economic reality test for "control" considers "whether the putative employer has the power to hire and fire, supervise and control work schedules or conditions of employment, determine rate and method of pay, and maintain employment records." *Id*.

17. Defendant Brian Bolton would be considered an employer for purposes of individual liability because of his intrinsic involvement in the business.

FACTS

18. Plaintiffs were employed by Defendants as cleaners from 2011 through 2015 (the "Employment Period").

19. Plaintiff Veronica Gonzalez Mendez worked for Defendants from January 1, 2012 through December 31, 2014.

20. Plaintiff Veronica Gonzalez Mendez was paid at a regular hourly rate of $9.00 throughout her employment.

21. Plaintiff Veronica Gonzalez Mendez worked approximately fifty-four hours per week and was never compensated at the required overtime rate, of one and one half times her regular hourly rate, for those hours worked over forty. In addition, she was not paid for several weeks of work at the end of her employment.

22. Plaintiff Veronica Gonzalez Mendez is owed approximately $9,156.00 in unpaid overtime wages and $648.00 in unpaid minimum wages.

23. Plaintiff Patricia Chino Avila worked for Defendants from January 1, 2012 through December 31, 2014.

24. Plaintiff Patricia Chino Avila was paid at a regular hourly rate of $10.25.

25. Plaintiff Patricia Chino Avila worked approximately forty-four hours per week and was never compensated at the required overtime rate, of one and one half times her regular

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

hourly rate, for those hours worked over forty hours. In addition, she was not paid for several weeks of work at the end of her employment.

26. Plaintiff Patricia Chino Avila is owed approximately $4,838.00 unpaid overtime and straight time wages.

27. Plaintiff Maria Del Carmen Martinez Albarran worked for Defendants from January 1, 2012 through December 31, 2014.

28. Plaintiff Maria Del Carmen Martinez Albarran was paid at a regular hourly rate of $10.25.

29. Plaintiff Maria Del Carmen Martinez Albarran worked approximately forty-eight hours per week and was never compensated at the required overtime rate, of one and one half times her regular hourly rate, for those hours worked over forty hours. In addition, she was not paid for several weeks of work at the end of her employment.

30. Plaintiff Maria Del Carmen Martinez Albarran is owed approximately $8,200.00 in unpaid overtime and straight time wages.

31. By statute, Defendants are required to maintain records which document the number of days Plaintiffs worked. 29 U.S.C. §211(c).

32. The precise number of hours worked, and wages owed, should be revealed through discovery.

33. Defendants knowingly and intentionally violated Plaintiffs' rights under D.C. and federal law.

## COUNT I
## (FLSA)

34. Plaintiffs adopt herein by reference paragraphs 1 through 33 above as if fully set forth herein.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

35. Defendants were required to pay Plaintiffs compensation at the rate of one and a half times their regular hourly rates for all hours worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(2).

36. Throughout the Employment Period, Defendants failed to compensate Plaintiff at the rate of one and a half times their regular hourly rates for all hours worked in excess of forty hours per week.

37. Defendants' actions complained of herein constitute a willful violation of Section 207 of the FLSA.

38. Defendants' violation makes them liable to Plaintiffs for all unpaid wages and unpaid overtime compensation, and an additional equal amount as liquidated damages.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment against Defendants, jointly and severally, and in their favor in an amount to be determined at trial, but not less than $44,388.00, which is two times the total wages and overtime compensation owed, reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

## COUNT II
### (Violation of the D.C. Minimum Wage Revision Act)

39. Plaintiffs adopt herein by reference paragraphs 1 through 33 above as if fully set forth herein.

40. Defendants were required to pay Plaintiffs a minimum wage at or above $9.50 as required by D.C. law, starting on July 1, 2015. *See* D.C. ST §32-1003.

41. Defendants failed to compensate Plaintiff Veronica Gonzalez Mendez at or above the minimum wage.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

42. Defendants were required to pay Plaintiffs one and a half times their regular hourly rates for hours in excess of forty hours per week. *See* D.C. ST §32-1012.

43. Throughout the Employment Period, Defendants failed to properly pay Plaintiffs overtime required by the DCMWRA.

44. Unpaid wages are due and owing to Plaintiffs by Defendants.

45. Defendants' failure and refusal to comply with their obligations under the DCMWRA was willful and not in good faith.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment against Defendants, jointly and severally, and in favor of Plaintiffs in an amount to be determined at trial, but not less than $44,388.00 and to grant to Plaintiffs their reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

## COUNT III
### (Violation of the D.C. Wage Payment and Collection Law)

46. Plaintiffs adopt herein by reference paragraphs 1 through 33 above as if fully set forth herein.

47. The amounts owed to Plaintiffs by Defendants for unpaid minimum wages and overtime constitute "wages" under the DCWPCL. D.C. ST § 32-1301(3).

48. Defendants were required to pay Plaintiffs a minimum wage at or above $9.50 as required by D.C. law, starting on July 1, 2015. *See* D.C. ST §32-1003.

49. Defendants failed to compensate Plaintiff Veronica Gonzalez Mendez at or above the minimum wage.

50. While employed by Defendants, Plaintiffs worked overtime hours that were not properly compensated by Defendants as required by the DCWPCL.

51. Unpaid overtime wages are due and owing to Plaintiffs by Defendants.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

52. Defendants' failure and refusal to comply with their obligations under the DCWPCL was not due to any bona fide dispute, and was therefore willful and not in good faith.

WHEREFORE, Plaintiffs respectfully request this Honorable Court to enter judgment against Defendants, jointly and severally, and in favor of Plaintiffs in an amount to be determined at trial, but not less than $66,582.00, which is approximately three times the wages owed; and to grant to Plaintiffs their reasonable attorneys' fees and costs and such other and further relief as the Court deems just and proper.

Respectfully submitted,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC


By:     /s/ *Mary Craine Lombardo*
Mary Craine Lombardo (495881)
25 West Middle Lane
Rockville, Maryland 20850
(301) 340-2020
(301) 354-8126 – fax
mlombardo@steinsperling.com

*Attorneys for Plaintiffs*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

8

4117270_1